IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN BRANDON RECONNU, 1091477, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1501-M |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner was convicted of murder and sentence to life in prison. *State of Texas v. John Brandon Reconnu*, No. F01-74289-T (283rd, Dallas County, Tex., Feb. 21, 2002). On July 24, 2003, the Eleventh District Court of Appeals affirmed the conviction and sentence. *Reconnu v. State*, No. 11-02-00100-CR(Tex. App. – Eastland 2003, no pet.). The Court of Criminal Appeals granted Petitioner an extension of time until October 24, 2003, to file a petition for discretionary review ("PDR"). Petitioner did not file a timely PDR.

On April 23, 2008, Petitioner filed a state application for writ of habeas corpus. *Ex parte Reconnu*, Application No.72,046-01. On June 3, 2009, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On August 12, 2009, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254.

He argues:

    (1)    the prosecutor withheld exculpatory evidence;

    (2)    the state used a pre-text to arrest him;

    (3)    the prosecutor made false statements;

    (4)    the trial court failed to preserve DNA evidence;

    (5)    he received ineffective assistance of trial counsel; and

    (6)    he received ineffective assistance of appellate counsel.

On May 25, 2010, Respondent filed a preliminary response arguing the petition is time-barred. On June 22, 2010, and November 9, 2010, Petitioner filed a traverse. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2)

Petitioner was granted until October 24, 2003, to file a PDR. Petitioner did not file a PDR by this date. His conviction therefore became final on October 24, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until October 24, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 23, 2008, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by October 24, 2004. He did not file his petition until August 12, 2009. The petition is therefore untimely.

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page -3-

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues the one year limitations contained in the AEDPA is unconstitutional and that he has new evidence that the prosecutor withheld exculpatory evidence. The Fifth Circuit has determined the one-year AEDPA limitations period is not unconstitutional. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Jones v. U.S. ex rel. Dept. of Justice*, 412 Fed. Appx. 690, 691 (5th Cir. 2011). Additionally, Petitioner was aware of his new evidence claim prior to his conviction becoming final. Petitioner's new evidence claim is that the prosecutor withheld evidence regarding a second firearm. Petitioner raised this claim on direct appeal. The claim therefore does not entitle Petitioner to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 15th day of August, 2011.

*[signature]*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).