IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN BRANDON RECONNU, 1091477,   )<br>Petitioner,   )<br>  )<br>v.   )<br>  )<br>RICK THALER, Director, Texas   )<br>Dept. Of Criminal Justice, Correctional   )<br>Institutions Division,   )<br>Respondent.   )   | No. 3:09-CV-1501-M |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions and a Recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Petitioner objects to the Magistrate Judge's finding that he was aware of his new evidence claim prior to his conviction becoming final. Petitioner alleges he did not know of his new evidence claim until he filed his state habeas petition. (Objections at 3.)

Petitioner's new evidence claim alleges that the prosecutor withheld evidence that a second gun was found at the scene. For this evidence, he relies on an investigative report by Detective Grable that states in part: "I was told a .45 pistol was recovered but it belonged to the complainant and it had not been fired." (*Ex parte Reconnu*, No. 72, 046-01 at 95.) Detective Grable testified at trial that a gun belonging to the complainant was recovered at the scene. (Trial Tr. Vol. 5 at 94.) Officer Janich testified that he recovered the complainant's gun at the scene from witness Ivory Tatum's truck and that the gun was a .40 caliber gun. (Trial Tr. Vol. 2 at 168, 173; State's Ex. 30.) Witness Ivory Tatum testified that after the shooting, he took the

complainant's gun and drove around trying to find Petitioner. (Trial Tr. Vol. 3 at 25.) Mr. Tatum also testified that he had a second gun in his truck. (*Id.*) Defense counsel questioned Detective Grable about this second gun. Detective Grable admitted that testing was only done on the complainant's .40 caliber weapon and that no testing was conducted on Ivory Tatum's gun. (Trial Tr. Vol. 5 at 94-95.)

Petitioner has failed to show that the existence of a second gun at the scene was not known to him at the time his conviction became final. The objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A

In the event, the petitioner will file a notice of appeal, the court notes that

( )   the petitioner will proceed *in forma pauperis* on appeal.

( X )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 13th day of September, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.